United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41272
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADALBERTO BARRAGAN-ALVAREZ, also known as Ignacio Ortiz,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CR-107-1
--------------------

Before JOLLY, JONES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Adalberto Barragan-Alvarez (a/k/a Ignacio Ortiz) appeals the
sentence imposed by the district court following his guilty plea
to an indictment charging that he possessed with the intent to
distribute approximately 37 kilograms of cocaine. Barragan-
Alvarez argues that his sentence violates the Sixth Amendment, as
illustrated in United States v. Booker, 125 S. Ct. 738 (2005),
because the district court enhanced his sentence based on a
finding that he obstructed justice. Although he admits that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gave two different names to authorities, he argues that he never admitted that his conduct qualified as obstruction of justice. He also argues that the court's consideration of the possibility that he was engaged in another drug offense for which the charges were dismissed violated the Sixth Amendment and <u>Booker</u>. Barragan-Alvarez acknowledges that he is raising these arguments for the first time on appeal and that our review is thus for plain error. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

Assuming, arguendo, that Barragan-Alvarez has established <u>Booker</u> error with respect to either of his claims, he must nevertheless show that the court's error affected his substantial rights. <u>See</u> <u>Mares</u>, 402 F.3d at 520. To make such a showing, Barragan-Alvarez must show that the error "affected the outcome of the district court proceedings." <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993); <u>see</u> <u>also</u> <u>United States v. Valenzuela-Quevedo,</u> 407 F.3d 728, 733 (5th cir. 2005). Barragan-Alvarez has not made such a showing. Accordingly, the judgment of the district court is AFFIRMED.